J-S66007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL SPADAFORA | |
| Appellant | No. 1412 MDA 2015 |

Appeal from the PCRA Order July 17, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005779-2008

BEFORE:  BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

Michael Spadafora appeals from the July 17, 2015 order dismissing his second PCRA petition.  We affirm.

Appellant manufactured and sold several pounds of methamphetamine between 2007 and 2008, and, after an investigation by the Pennsylvania Office of Attorney General, was charged with multiple offenses.  On June 22, 2009, he tendered a negotiated guilty plea to one count each of corrupt organizations, delivery of a controlled substance, manufacture of a controlled substance, and a firearms violation.  Pursuant to the agreement, Appellant was sentenced to eight to twenty years imprisonment pursuant to a mandatory minimum sentence outlined in 18 Pa.C.S. § 7508(a) and applicable to the drug offenses due to the weight of the methamphetamine, 2000 grams, involved.  On appeal, we affirmed, ***Commonwealth v.***

*Spadafora*, 23 A.3d 1082 (Pa.Super. 2011) (unpublished memorandum), and our Supreme Court denied review on September 26, 2011. *Commonwealth v. Spadafora*, 29 A.3d 797 (Pa. 2011). On January 13, 2012, Appellant filed a counseled petition for post conviction relief, which was denied. On appeal, we affirmed. *Commonwealth v. Spadafora*, 87 A.3d 391 (Pa.Super. 2013), *appeal denied*, 89 A.3d 1284 (Pa. 2014).

On June 2, 2014, Appellant filed a second counseled PCRA petition seeking relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the United States Supreme Court held that any fact, other than the existence of a prior conviction, that invokes application of a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. In *Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. 2015), we held § 7508(a) was unconstitutional under *Alleyne*. On July 17, 2015, Appellant's second PCRA petition was dismissed as untimely filed. This appeal followed. Appellant was ordered to file a Pa.R.A.P. 1925(b) statement, but did not comply with that order. After successfully petitioning for a remand, he filed a Pa.R.A.P. 1925(b) statement and raised the *Alleyne* issue.

We first note the following. Appellant's Statement of the Questions Involved, which must be included in a brief under Pa.R.A.P. 2116, is inconsistent with the actual argument raised in his brief. In his Pa.R.A.P. 2116 statement, Appellant presents this issue: "Whether the trial court erred

in denying the Appellant's post-conviction relief act petition where the Appellant's plea was not knowing and voluntary where it was revealed after his plea that the police officers involved in his arrest [were] subsequently prosecuted for selling narcotics."[1]  Appellant's brief at 5.  In the argument portion of his brief, however, Appellant reiterates the position raised in the second PCRA petition that his sentence is illegal under **Alleyne** and that he should either be afforded the opportunity to withdraw his plea or accorded a new sentencing hearing.  **Id**. at 12.  Appellant also notes that **Alleyne** issues cannot be waived.  We will consider the **Alleyne** position, even though it was not presented in his Statement of Questions Involved,[2] since we agree that challenges to legality of sentences issues cannot be waived. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super. 2014) ("a

---

[1] We also observe that the Commonwealth maintains that this statement is "outrageously false and not the facts of this case."  Commonwealth's brief at 6.  In footnote one, the Commonwealth asks that Appellant's brief not be accessible electronically so that the agents involved herein are not associated with this untrue statement.  The briefs filed in this Court are available electronically only to court employees, and we cannot control the dissemination of its contents by other websites.

However, we can allay the Commonwealth's indignation with the following observations.  The accusation leveled against the agents involved in this matter has no apparent connection to this case.  Furthermore, the charge is unsupported by the record and was never presented to the lower court.  We can only conclude that it relates to another criminal case and disapprove of its inclusion in Appellant's brief herein.

[2]  **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

challenge to the legality of the sentence [,which includes an **Alleyne** claim,] can never be waived and may be raised by this Court *sua sponte*"), *aff'd on different grounds*, 140 A.3d 651 (Pa. 2016).[3]

This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting **Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015)). We must first determine, however, whether Appellant's June 2, 2014 PCRA petition was timely filed because that issue implicates our jurisdiction and its untimeliness was the basis for the PCRA court's dismissal. If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); *see* **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). We also note that, even though Appellant's **Alleyne** contention cannot be waived, it nevertheless must be presented in a timely PCRA petition. **Commonwealth**

---

[3] We are aware that our Supreme Court has granted allowance of appeal to decide this issue, *i.e.*: "[w]hether a challenge to a sentence pursuant to **Alleyne v. United States***,___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), implicates the legality of the sentence and is therefore non-waivable." **Commonwealth v. Barnes**, 122 A.3d 1034 (Pa. 2015).

*v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, [such a claim] must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Any PCRA petition has to be filed within one year of the date the defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we now calculate when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant's petition for allowance of appeal was denied on September 26, 2011, and, since he did not seek review with the United States Supreme Court, his judgment of sentence became final ninety days thereafter, or on December 25, 2011. *Miller*, *supra* (where our Supreme Court denies allowance of appeal and no further review is sought, a defendant's sentence becomes final when the ninety-day period for filing a petition for a writ of *certiorari* expires). Since December 25th is a holiday, Appellant had until December 26, 2012, to file a timely PCRA petition. The instant petition, presented on June 2, 2014, is untimely.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

Herein, Appellant maintains that **Alleyne** clearly announced a new constitutional rule and that it should be applied to his case. Appellant's brief at 13. This argument implicates the after-discovered constitutional right exception. However, our Supreme Court recently ruled that **Alleyne** does not apply retroactively. **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Since **Alleyne** is not retroactive, Appellant's assertion fails to overcome the PCRA's time bar. **See Miller**, **supra**.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016